JULIE WITHERS, New York Bar No. 4264289
Asst. Federal Public Defender
5353 Yellowstone Road Ste. 207
Cheyenne WY 82009
Phone: 307-772-2781
Facsimile: 307-772-2788
julie_withers@fd.org

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 26-CR-70-KHR |
| MAKSIM SERGEEVICH SHAKIROV, | |
| Defendant. | |

**UNOPPOSED MOTION FOR ENDS OF JUSTICE CONTINUANCE AND TO EXCLUDE TIME FROM SPEEDY TRIAL ACT TIME LIMITS**

Defendant Maksim Sergeevich Shakirov, through his attorney, Assistant Federal Public Defender Julie Withers, moves this Court to set trial in this matter beyond time limits set forth in 18 U.S.C. § 3161 *et seq.* and 18 U.S.C. § 3164 *et seq.* (the "Speedy Trial Act"). Specifically, Mr. Shakirov asks this Court to extend the trial and motions date for 90 days from the current trial date of August 3, 2026, to a date and time convenient for the Court. This extension is necessary as the defense requires additional time to receive and review discovery, conduct its own independent investigation, potentially interview witnesses and investigate the immigration consequences of the charges.

Counsel for Mr. Shakirov has conferred with Assistant United States Attorney Lance Johnston regarding this request, and AUSA Johnston indicated that the Government has no objection to this motion.

## I.    Background

On May 21, 2026, Mr. Shakirov was indicted on one count of false impersonation of a citizen, in violation of 18 U.S.C. § 911. He was taken into federal custody and Mr. Shakirov's initial appearance was held on June 1, 2026, before Magistrate R. Michael Shickich (ECF No. 6.) His arraignment and detention hearing were held on, June 3, 2026, wherein Mr. Shakirov was released on bond. (ECF No. 13 & 15.)  Jury trial was scheduled for August 3, 2026. (ECF No 17.).

## I.    Argument

The Speedy Trial Act generally requires trial to begin within 70 days of the filing of the indictment or the Defendant's initial appearance, whichever is later. 18 U.S.C. § 3161(c)(1). However, the Speedy Trial Act sets forth an extensive list of reasons allowing for periods to be excluded in computing the time within which trial must start. 18 U.S.C. § 3161(h). A district court may exclude from the speedy trial calculation "[a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). When granting an ends-of-justice continuance, the court must make its findings on the record. *Zedner v. United States*, 547 U.S. 489, 507 (2006); 18 U.S.C. § 3161(h)(8)(A).

This extension is necessary because Mr. Shakirov is entitled to the effective assistance of counsel under the Sixth Amendment to the U.S. Constitution. *See Strickland v. Washington*, 466

U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Effective assistance of counsel includes advice to Mr. Shakirov regarding the potential immigration consequences of a plea or conviction and counsel requires more time to research and investigate those consequences.

Effective assistance of counsel also includes the ability of the defendant to thoroughly review all of the discovery with his attorney so that intelligent decisions can be made regarding motions and to evaluate whether to go to trial or enter a plea. Due to a need for certain medical treatment, Mr. Shakirov has been unable to fully participate in that process. Accordingly, the defense will require additional time to meet with the defendant to review discovery, conduct an independent investigation of the information provided and evaluate any pretrial litigation issues and decide whether trial is advisable and prepare for trial and/or enter a plea.

Denying Mr. Shakirov's request for an extension would result in a miscarriage of justice by forcing Mr. Shakirov to trial without adequate pretrial preparation. 18 U.S.C. § 3161(h)(7)(B)(i). Thus, "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A).

Accordingly, Mr. Shakirov asks that this Court extend the trial date for 90 days to a date and time convenient for the Court and exclude this time from the Speedy Trial Act Calculation.

DATED this 22nd day of June 2026.

Respectfully submitted,

TRACY R. HUCKE
Federal Public Defender

/s/ Julie Withers
JULIE WITHERS
Assistant Federal Public Defender

3

## CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2026 the foregoing was electronically filed and consequently served on counsel of record.

*/s/ Julie Withers*
JULIE WITHERS

4